### 4718.  CHANDLER *v.* SCHOFIELD.

The evidence was such as to authorize the submission to the jury of the question whether the defendant was negligent, and, if so, whether his negligence or that of the plaintiff, if the plaintiff was negligent, was the proximate cause of the damage. It was, therefore, error to grant a nonsuit.

DECIDED MAY 6, 1913.

Action for damages; from city court of Macon—Judge Hodges, February 18, 1913.

*R. D. Feagin, O. C. Hancock,* for plaintiff.
*Ernest C. Herring,* for defendant.

POTTLE, J. The suit was for damage to machinery which the defendant had been employed to unload from a railway car. The negligence alleged is the failure to block and properly support two planks composing an inclined plane along which the machinery was to be unloaded. The plaintiff was nonsuited, and he excepted. It appears, from his testimony, that the defendant, for an agreed price, undertook to unload the machinery in the manner above pointed out, furnishing for this purpose several of his employees. The plaintiff was present when the machinery was unloaded. He noticed that the defendant did not have enough blocking to properly support both of the planks, and called the attention of the defendant's manager to this fact. One of the planks was properly blocked, leaving only a ten-inch block, with which to support the other plank. The plaintiff suggested to the defendant's employees that, as they did not have a sufficient number of blocks, they might take some six-inch pipes which they had, about twelve feet long, and fasten them in such a way as to make the plank safe. The plaintiff offered to assist the defendant's servants in unloading the machinery by taking hold of a rope which had been placed around the machinery, and "easing it off" for them. The plaintiff fastened this rope himself, and then got under the car with the rope in his hand, and in this way eased the machinery off. The defendant's servants directed the plaintiff when to slacken the rope and let the machinery down on to the planks. One of the planks had not been properly blocked. The plaintiff's suggestion in reference to the use of the pipes was not followed, and the machinery fell to the ground and was damaged.

It was the duty of the defendant to use ordinary care in unloading the machinery, and this involved the duty of using instrumentalities which were reasonably safe and suitable for the purpose. The plaintiff alleged, and testified positively, that an unsafe and insecure instrumentality was employed by the defendant, and that this act of negligence was the proximate and efficient cause of the damage. The nonsuit was doubtless awarded on the theory that, the plaintiff having voluntarily undertaken to assist the defendant's servants by adjusting the rope and pulling the machinery from the car on to the planks, he himself was guilty of negligence in failing to ascertain whether the planks were properly blocked before he released the machinery by slackening the rope. Of course, if dam-

age to the machinery was due to the negligence ·of the plaintiff,—that is to say, if the plaintiff's negligence in failing to ascertain whether the planks were securely blocked was the proximate cause of the damage,—he would not be entitled to recover. But this·was a question, under the evidence, which the trial judge ought not to have resolved against the plaintiff as a matter of law. By his testimony he sufficiently met the charge of negligence against him to entitle him to be heard before a jury. He gave directions.to the defendant's servants as to how the plank should be blocked. If they had followed these directions and damage had resulted from so doing, the defendant would not be liable. The plaintiff testifies that they failed to follow his directions, that he was under the car in a position where he could not see, that the plank had not been blocked in accordance with his suggestion, and that the defendant's servants called to him to slacken the rope and release the machinery. If this was true, we do not think the plaintiff was guilty of such negligence as would defeat a recovery as a matter of law. The jury should be allowed to say whether there was any negligence on the part of anybody, and, if so, who was negligent; and if both plaintiff and defendant, were negligent, the jury should be allowed to compare their negligences and see which was the proximate cause of the damage to the plaintiff's machinery. We make no ruling in reference to the respective items of damage which the plaintiff claims in his petition, because it is unnecessary to do so in the present state of the record.    *Judgment reversed.*